# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANN SHUCK, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-309 RLW |
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT 837, et al., | ) ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Second Motion to Remand (ECF No. 14). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). The party seeking removal has the burden to establish federal subject-matter jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009).

## BACKGROUND

Shuck was employed as an administrative assistant by Defendant District 837 ("Defendant") from March 2005 through March 2013. On December 9, 2009, Shuck fell down the steps while working at Defendant, and she suffered permanent partial disability to her neck and back. She filed a claim under the Worker's Compensation Act. Shuck alleges that, after she filed Worker's Compensation claim, Shuck's supervisors created a hostile work environment. Shuck settled her workers' compensation claim on February 8, 2013. Shuck claims that she was wrongfully discharged on February 28, 2013, effective February 25, 2013, in retaliation for exercising her right to worker's compensation. Shuck filed claims for Wrongful Discharge (Count I), Wrongful Termination-Breach of Public Policy (Count II), Civil Conspiracy (Count III).

This case was previously removed to this Court and then remanded to the Circuit Court of St. Louis County. On February 5, 2016, Shuck filed her Amended Petition in state court. On February 7, 2016, Defendant removed this action to federal court.

## DISCUSSION

This case was removed based upon federal question jurisdiction. 28 U.S.C. §§1331, 1446. In the Notice of Removal, Defendant argued that Plaintiff's Amended Petition is pre-empted by the strong federal policy favoring union democracy, which is embodied in the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §401, *et. seq.* (ECF No. 1 at 3). Defendant argues that this Court should follow the reasoning of the California Supreme Court to determine whether "claims for wrongful discharge and related torts against the union and its officials are preempted by the LMRDA." *Screen Extras Guild, Inc. v. Superior Court*, 51 Cal. 3d 1017, 1021 (1990); *see* Notice of Removal, ECF No. 1, at 2-4; ECF No. 20 at 9. The

California Supreme Court held that "allowing even 'garden-variety' wrongful termination actions to proceed from the discharge of *appointed* union business agents by *elected* union officials would implicate the union democracy concerns of the LMRDA." *Screen Extras Guild, Inc.*, 51 Cal. 3d at 1027 (emphasis in original).[1]

The Court finds this California state court case and its protection of "union democracy concerns of the LMRDA" to be unpersuasive for finding complete preemption. Defendant cites to no Eighth Circuit precedent adopting the California state court's solitary interpretation regarding "the union democracy concerns of LMRDA." Moreover, Shuck's wrongful termination claim does not implicate the union's self-governance. Defendant asserts that Shuck was a "Secretary-Business Representative" who worked for the President-Directing Business Representative and, therefore, Shuck had access to confidential union information. Defendant maintains Shuck was fired because of alleged dishonesty, but Shuck claims she was wrongfully termination in retaliation for filing her worker's compensation claim. None of these facts implicate union democracy concerns. The mere fact that confidential documents crossed Shuck's desk in her capacity as secretary for the union President-Directing Business Representative does not connect her claim with the autonomy of the union's administration.

Likewise, the Court finds that the other cases law cited by Defendant do not support federal subject matter jurisdiction. Unlike the cases cited by Defendant, this case does not involve a union election, and such cases finding preemption for union elections are also not persuasive. (ECF No. 20 at 9); *cf. Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 935 (N.D. Ill. 2013) ("Although neither the Supreme Court nor the Seventh Circuit has directly addressed whether Title IV of the LMRDA completely preempts state law challenges to union elections, it

---

[1] When Defendant cites this passage, however, it fails to include the language about "appointed union business agents" and "elected union officials." (ECF No. 1 at 4).

is clear that the requisites of complete preemption are present here."); *Pettaway v. Houston Fed'n of Teachers, Local 2415*, No. CIV.A. H-07-0922, 2007 WL 951564, at *3 (S.D. Tex. Mar. 27, 2007) ("Because plaintiff challenges the validity of the election itself, the court is also persuaded that his complaint is completely preempted. Section 482 creates a comprehensive federal enforcement procedure that includes a civil action in federal court brought by the Secretary of Labor, and section 483 indicates Congress's intent to make this remedy exclusive with respect to "already conducted" elections."). In fact, Defendants conceded "courts have not expressly held that non-election portions of the LMRDA provide for complete preemption[.]" (ECF No. 20 at 9). The Court is unwilling to extend the preemption doctrine to the limits requested by Defendants.

Instead, the Court holds that the LMRDA provides neither a defense to Shuck's claims nor a basis for removal of this action. "[A] state-law retaliation claim is not preempted when it does not conflict with the purposes of the LMRDA." *Henry v. Laborers' Local 1191*, 495 Mich. 260, 284, 848 N.W.2d 130, 143 (2014). Shuck's claims arise from allegedly illegal misconduct under state law. Shuck's claims do not related to a union election or that she was fired for political reasons. Shuck does not allege any federal interest protected by the LMRDA. As stated, Shuck alleges a rather garden variety wrongful termination claim. Courts have likewise held that such a claim does not rise to the level of federal preemption under the LMRDA. *See Bloom v. Gen. Truck Drivers, Office, Food & Warehouse Union, Local 952*, 783 F.2d 1356, 1362 (9th Cir. 1986) ("In the present case, Bloom alleges that he was fired, not for political reasons, or for no reason at all, but rather because he refused to illegally alter the minutes of a union meeting. Not only is the state's interest in allowing the wrongful discharge action here strong, as discussed above, but the federal interest is much lessened under these circumstances."); *Montoya v. Local*

*Union 111 of the Int'l Bhd. of Elec. Workers*, 755 P.2d 1221, 1224 (Colo. App. 1988) ("although Mason's claim for wrongful discharge based on internal political views is preempted, his claim based on Mason's alleged illegal activities is not"); *Henry*, 848 N.W.2d at 144 ("we hold that the LMRDA does not preempt state wrongful-termination claims in cases in which elected union officials attempt to use their discretion as a shield to hide alleged criminal misconduct").

Defendant also argues that Shuck's claim is preempted under §301 of the LMRDA because her claim relies on an interpretation of the union's constitution. (ECF No. 20 at 10-11). Defendant contends that Shuck's petition rests on a finding that Defendant's officers failed to carry out their duties. Defendant asserts that its officer's duties are set forth in enumerated sections of the union's Internal Constitution. Specifically, the union constitution provides, "Monies collected by [Secretary Treasurers] on behalf of the [Grand Lodge], as indicated on monthly reports, shall be sued for no other purpose and must accompany the report." Article XXII, Section 8 of the union International Constitution.

The Court holds that interpretation of the union's International Constitution is not implicated by Shuck's wrongful termination claim. Although Shuck has alleged some acts which also may violate sections of the International Constitution that is not the crux of her claim. Shuck's claim relates to her allegedly wrongful termination after she reported the illegal handling of funds, not the improper handling of the funds themselves. The Court does not find that it will be required to interpret the union's International Constitution in order to resolve Shuck's claim that she was terminated as a result of reporting the illegal handling of funds. In fact, Shuck argues that "she can prove the underlying criminal violations without any reference whatsoever to the Union International Constitution." (ECF No. 23 at 7); *Luecke v. Schnucks Markets, Inc.*, 85 F.3d 356, 359 (8th Cir. 1996) (quoting *Hanks v. General Motors Corp.*, 906

F.2d 341, 343 (8th Cir.1990) ("The proposition follows that 'a state law claim may involve analysis of the same set of facts as a claim arising under the collective bargaining agreement without compelling preemption.'").

Accordingly,

**IT IS HEREBY ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri. An Order of Remand will accompany this Memorandum and Order.

Dated this 7th day of March, 2017.

                                                  RONNIE L. WHITE
                                                  UNITED STATES DISTRICT JUDGE